F. A. WELLS v. W. H. SUTPHIN *et al.*

No. 12,113. (68 Pac. 648.)

CONTRACT—*Pasturing Cattle*—"*Act of God.*" Where a party takes cattle for pasture, and by a written contract agrees to be responsible for the loss of any that may get out of the pasture, he is not responsible for cattle which, being pelted by hail and rain and driven by the wind, in an attempt to find shelter break through an otherwise sufficient fence, follow the creek into the timber, and by the severity of the storm are swept into the current and drowned.

Error from Marion district court; O. L. MOORE, judge. Opinion filed April 5, 1902. Reversed.

*W. H. Carpenter*, and *C. Bucher*, for plaintiff in error.

*Keller & Dean*, and *C. M. Clark*, for defendants in error.

*Per Curiam* : In January, 1899, the parties to this litigation entered into the following agreement :

"CONTRACT.

"FLORENCE, KAN., January 23, 1899.

"*To whom it may concern:*

"That I, F. A. Wells, first party, and W. H. Sutphin, second party, in consideration of five hundred and sixty-eight dollars and seventy-five cents to be paid by second party for my west pasture for three hundred and twenty-five head of cattle, to be salted by first party, and also responsible for loss of any cattle that may get out of said pasture for this season that are newly and plainly branded before coming into my pasture, and cattle not to be brought into my pasture until second party comes to see me, and also cattle to be taken out at end of season when I notify second party cattle are not doing well. Said cattle must be feeders and not stockers. The said five hundred and sixty-eight dollars and seventy-five cents for said cattle to be paid before cattle are taken out of said pasture.         F. A. WELLS.

W. H. SUTPHIN."

Thereunder, and in May following, Sutphin placed in Wells's pasture 325 head of cattle. At the end of the pasture season Wells was unable to return more than 264 head, and Sutphin brought suit in the district court of Marion county to recover the value of the others. The defendant answered that on May 22, 1899, while said cattle were in his pasture, which was enclosed with a sufficient fence, and were being cared for by him, a rain-, hail- and wind-storm of unprecedented severity, and dangerous to human life, visited the country where said pasture was situated. This pasture had running through it a small stream, known

as Turkey creek, which, by reason of the great amount of rain and hail, became a torrent. The cattle were pelted by the hail and rain and driven by the wind, and in an attempt to find shelter broke through the otherwise sufficient fence, followed the creek into the timber, and by the severity of the storm were swept into the current and drowned. When the storm abated they were found in and along said stream a mile and one-half below the pasture, some of them 150 yards from the bank of the stream, where they had been left when the water receded; others were buried in the hail and debris fifteen feet deep. This storm broke down and destroyed a large amount of timber along the stream, and killed a great number of cattle and hogs in that vicinity.

The contention on the part of defendant in error, as expressed by counsel in their brief, is as follows:

"The central thought or element of the contract is that Wells will return the cattle at the close of the pasture season or be responsible for the loss of such as he may be unable to return by reason of their loss having occurred outside of the pasture. His responsibility under the contract is not dependent on the continued existence of each individual steer. The contract is not simply that he will return the steers. It goes much further, and requires him to account for all steers the loss of which occurs out of the pasture. He thus becomes an insurer of the cattle to that extent. He could have limited his responsibility by appropriate words in the contract. Not having done so, he must stand by the contract which he voluntarily made, however great the hardship. He must submit to the only rational interpretation which the words by him, in construing it, will bear."

It will be observed that there is no contention on the part of defendant in error that the cattle were lost or killed through any lack of care on the part of plaintiff in error, so that the only question before us

is the interpretation to be given to this agreement. If the interpretation placed on it by the defendant in error be correct, the plaintiff in error had no defense, and the judgment of the court below was a proper one. We cannot, however, accede to this interpretation. The language used will not permit it. The agreement is not that the plaintiff in error should return the cattle or pay for them, but that he would be "responsible for loss of any cattle that may get out of said pasture for this season that are newly and plainly branded before coming into my pasture." By this language, the only cattle for the loss of which plaintiff in error became responsible were those newly and plainly branded and which escaped from his pasture. Admitting that the lost cattle were all newly and plainly branded, did they get out of the pasture, within the common and generally accepted meaning of the expression? We think not. This term, as ordinarily used, means cattle that break through their enclosure of their own volition or are permitted to escape through the negligence of the person whose duty it is to take care of them. We think this was the meaning contemplated by the parties in making this agreement; hence, the clause "newly and plainly branded." Brands are generally placed on cattle that they may be identified by the owner or person in charge when they herd with others or have strayed or been driven away. It must be held that it was to assist Wells in finding those that escaped from the pasture in some such way that Sutphin was required plainly and freshly to brand the cattle. As we interpret this agreement, Wells did not become the insurer of the cattle ; he only agreed to become responsible for any cattle which were freshly and plainly branded which might get out of his pasture.

The judgment of the court below is reversed and the cause remanded.